The Estate of MERCY TUILESU, PELEIUPU TUILESU,
Individually and as the Guardian of the Estates of
SOLO TUILESU, MATTHEW TUILESU,
MICHELLE TUILESU, MICHAEL SIONE, and TUI SIONE,
Minors, Plaintiffs

v.

LUAGIA ASIFOA, SOSENE ASIFOA, and
NATIONAL PACIFIC INSURANCE, Defendants

High Court of American Samoa
Trial Division

CA No. 71-90
(AP No. 4-92)

March 6, 1992

Before KRUSE, Chief Justice, TAUANU'U, Chief Associate Judge, and
LOGOAI, Associate Judge.

Counsel: For Plaintiffs, John L. Ward II
 For Defendants, Robert A. Dennison III

On or about October 14, 1989, young Mercy Tuilesu died after
she was run over by a bus. At the time of the accident, Mercy was only
twenty-months-old. Her mother, Peleiupu Tuilesu, and her older siblings

who survived her have filed this action against the driver, owner, and insurer of the bus. Plaintiffs claim damages for wrongful death under A.S.C.A. § 43.5001 and A.S.C.A. § 43.5002; the mother also seeks recovery under a "negligent infliction of emotional distress" theory.[1]

The only eyewitness to the accident testified that he had been a passenger on the bus but that he had earlier disembarked further up the road from the scene of the accident.[2] He testified that he saw the bus stop to let off Mercy's mother (who was returning from a shopping trip to Fagatogo with her sister and another young relative) and that he then noticed a group of children running across the road to the rear of bus; however, one particular child went underneath the bus from its left side just ahead of its rear set of wheels. The witness recalled that Peleiupu was still in the bus at that time exchanging money with the driver, while her sister was standing by the roadside. (The sister was the first to alight to take hold of one child whom she said she had seen running towards the bus.) The witness further stated that he then started shouting, trying to catch somebody's attention, but his efforts were to no avail. He saw the bus pull out and then stop, and then he started running to the scene where he saw Mercy's lifeless body.

Notwithstanding this eyewitness account, plaintiffs ask the court to draw a conclusion of negligence on the part of the driver. The inference sought is premised on the contention that the location of blood stains towards the middle of the road indicates that the child was alongside the bus when it pulled out and that if the driver had been keeping a proper lookout, he would have, or should have, noticed the decedent.

The evidence simply does not support such a conclusion. The Court viewed the scene and found nothing remarkably telling from the location of the blood stains (apparently marked by the investigating police

---

[1] The details of plaintiffs' claims were only learned at the time of trial. The complaint itself merely alleges negligent operation on the part of the driver and negligent entrustment on the part of the bus owner.

[2] Although the witness testified that he was about 50 yards away from where the accident occurred, we noticed from our visit to the scene, after comparing the markings which the witness had made on a photograph of the vicinity produced in court, that he was more accurately about 200 yards away from the point of impact.

officers) to suggest that the child may have been alongside the bus just before the accident. The accident occurred at a rather narrow part of the Aoloau/Aasu highway. We see no good reason to doubt the eyewitness' recount of the fatal day's events. Plaintiffs' contention only invites speculation and we refuse to draw the conclusion suggested.

Considering the evidence before us, we fail to see anything reliable on which to base a finding of negligent causation. The evidence suggests that the only way the accident would have been avoided was if the driver had first checked under his bus before moving it. But the evidence failed to show that the driver knew, or should have known with the exercise of reasonable caution, that there was an infant under his bus. Rather the evidence points in the opposite direction. The child went under the bus when it was stopped and while the driver was momentarily preoccupied with collecting fares, and, it may be reasonably assumed, ensuring that his passengers were safely off the bus before he could move on. His attention would thus have been directed to the right side of the bus while the child's perilous situation arose on the left, effectively outside of, and later hidden from, his view. In these circumstances we cannot conclude that there was a failure on the part of the driver to keep a proper look out.

We are mindful that the law imposes upon the motorist the duty to be extra vigilant when encountering children in order to prevent accidents, but at the same time, the law does not require the motorist to be an insurer of the safety of such children. The mere fact of injury does not give rise to strict liability without fault. See Matalogo v. Penitusi, 4 A.S.R.2d 46 (1987); Lauoletolo v. Setenaisilao, 14 A.S.R.2d 37 (1990). In our view, plaintiffs have failed to meet their burden of proof to establish negligence together with proximate cause. Accordingly, the complaint is dismissed and judgment shall be entered in favor of the defendants.

It is so ordered.